**WALGREEN CO., et al., Plaintiffs,**

v.

**Carmen Feliciano DE MELECIO, Secretary of the Puerto Rico Department of Health, Defendant.**

**No. Civ. 00–1227(HL).**

United States District Court, D. Puerto Rico.

June 21, 2000.

---

Francisco A. Besosa, Yolanda Benitez–Sanchez, Wilca D. Gallagher, Axtmayer, Adsuar, Muniz & Goyco, San Juan, PR, for Walgreen Co., Walgreens of San Patricio, Inc., Walgreens of Puerto Rico, Inc., plaintiffs.

Grisselle Gonzalez–Negron, Department of Justice of PR, Federal Litigation Division, San Juan, PR, for Carmen Feliciano–De–Melecio, defendant.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion to intervene under Federal Rule 24 by the Asociación Farmacias de Comunidad de Puerto Rico ("Asociación"). Plaintiffs are Walgreen Company and two wholly owned subsidiaries operating in Puerto Rico (collectively "Walgreens"). They bring this action pursuant to section 1983[1] against Carmen Feliciano de Melecio, Puerto Rico's Secretary of Health. Walgreens challenges Secretary Feliciano's application of P.R.Laws Ann. tit. 24, §§ 334 – 334j (1999), the statutory regime governing the means by which pharmacies are licensed in Puerto Rico. This law provides that in order to open a pharmacy, a party must have received a Certificate of Necessity and Convenience, which is issued by the Secretary of Health. *Id.* §§ 334 & 334a. Walgreens alleges that Secretary Feliciano has applied the statute and its accompanying regulations in a manner that discriminates against out-of-state parties seeking to operate pharmacies in Puerto Rico, that this conduct puts an unconstitutional burden on interstate commerce, and that the Secretary's application of the statute has been so irrational as to violate Walgreens' substantive due process rights. Walgreens seeks a declaratory judgment that the law and its regulations are unconstitutional as applied. It also seeks to have the Secretary of Health enjoined from enforcing the regulations.

Asociación is a nonprofit organization established to promote the interests of independent pharmacies owned by residents of Puerto Rico. It moves to intervene as of right as a defendant in this claim. It argues that it has an interest in the case, that the disposition of the case threatens to impedes its ability to protect that interest, and that Secretary Feliciano is not adequately representing its interests. Asociación also moves for permissive intervention under Federal Rule 24(b). Walgreens opposes Asociación's motion.

A party seeking to intervene as of right in a civil action must (1) make a timely application to intervene; (2) demonstrate that it has an interest relating to the property or transaction which forms a basis of the case; (3) satisfactorily show that the disposition of the case threatens to impede or impair the party's ability to protect its interest; and (4) satisfactorily show that the existing parties are not adequately representing its interests. Fed.R.Civ.P. 24(a)(2); *Public Service Co. of New Hampshire v. Patch,* 136 F.3d 197, 204 (1st Cir.1998). The would-be intervener must meet all four of these requirements; failure on any one of them will doom its request. *Id.* A court reviewing a request to intervene should utilize a holistic approach, read the requirements together, and weigh the factors with a "commonsense view of the overall litigation." *Id.*

In the present case, there is little dispute that Asociación's application is timely. The remaining factors, however, have engendered controversy. With regard to the second factor—whether a party has an interest in this case—Asociación claims that its members are currently parties to cases being decided under this statutory regime and that therefore a finding by the Court that the statute is unconstitutional would deprive its members of rights to participate in the administrative and appellant procedures currently in place. Asociación also argues that it has an interest because regulations to which its members are subject are being challenged by this lawsuit.

---

1. 42 U.S.C.A. § 1983 (West Supp.2000).

Asociación makes the same general arguments with regard to the third factor.[2]

To justify intervention, a party's interest must be "significantly protectable." *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). The interest may not be contingent, it must be direct. *Patch,* 136 F.3d at 205; *Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 638 (1st Cir.1989). The potential for economic harm is a legitimate factor for consideration in determining the nature of the would-be intervener's interest. *Patch,* 136 F.3d at 205. An "undifferentiated, generalized interest" in the outcome of the case at hand is not, however, sufficient to meet the standards of Rule 24(a)(2). *Id.*

This case is a challenge to the application of the laws and regulations governing the licensing of pharmacies. The Court notes that the Puerto Rico legislature has indicated that the purpose of these statutes is to provide for the health service needs of the population, to control the costs of such services, and to ensure that the services are provided in those areas where they are most needed. *See* 1975 Laws of Puerto Rico, No. 2, p. 922; *see also* 1983 Laws of Puerto Rico, No. 16, p. 386; 1979 Laws of Puerto Rico, No. 189, p. 522. The purpose of this statute is to ensure that the Puerto Rico public is provided adequate health services at affordable prices. Thus, the general public has an interest in this law. Indeed, the statute provides that any person may appear and be heard at an administrative hearing held by the Secretary of Health on a request for a permission to open a pharmacy or other health facility. P.R.Laws Ann. tit. 24, § 334f–7. There is no indication that only pharmacies owned by residents of Puerto Rico have a right to participate in these hearings. Thus, Asociación's claimed interest of a right to participate in the administrative scheme is a generalized one.

Asociación claims that one of the purposes of Walgreens' suit is to eliminate the involvement of Asociación's members in the admin-istrative process. This is an inaccurate description of the present case. Walgreens is suing for a declaratory judgment that the Secretary Feliciano's application of the law and its regulations are unconstitutional. The suit is not intended to prevent Asociación members from obtaining permits under the statutory scheme.

The gist of Asociación's argument is that its interest in this administrative process is heightened because its members are regulated by it and because some members are parties in currently pending cases. There may be cases where interest in an administrative proceeding may be sufficient to establish the necessary interest. *Patch,* 136 F.3d at 206. This does not, however, appear to be one of them. If Walgreens loses this case, the Asociación will have suffered no loss. And if Walgreens wins and obtains all the relief it seeks, including an injunction prohibiting the enforcement of the law, it is not clear what harm Asociación members will have suffered. Those members that are currently operating pharmacies will presumably continue to be able to do so. Any members who are currently in the midst of the application procedure will be forced to wait for a new or modified regime to be implemented before they can obtain permits. There is no indication in the record, however, that these applying members would have been successful in the first place in their quest to obtain a permit. Thus, any harm is too contingent in nature to establish an interest.

At any rate, even if the Court were to assume that Asociación has established an interest, its request to intervene founders on the fourth factor. This factor requires a showing that Secretary Feliciano is not adequately representing Asociación's interests. There is a presumption that a government defendant defending an attack on a statute will adequately represent the interests of all private defenders of the statute. *Mass. Food Ass'n v. Mass. Alcoholic Beverage Control,* 197 F.3d 560, 566–67 (1st Cir.1999); *Daggett,* 172 F.3d at 111. In the present case this presumption is fortified by the fact

---

2. Because the second and third factors are so related, they may be considered together. *See Daggett v. Comm'n of Governmental Ethics,* 172 F.3d 104, 110 (1st Cir.1999); *Patch,* 136 F.3d at 206; *Conservation Law Found. v. Mosbacher,* 966 F.2d 39, 42 (1st Cir.1992). The Court adopts this approach in its analysis.

that Secretary Feliciano has already filed a motion to dismiss Walgreens' claim. Thus, the record indicates that she will be vigorously defending the challenged laws and regulations. *See Mass. Food,* 197 F.3d at 567 (Government defendant that had filed a motion to dismiss was deemed to have been "zealously interested" in upholding the challenged statute); *Patch,* 136 F.3d at 208.

In order to overcome this presumption, Asociación points out that Walgreens' complaint is replete with allegations regarding the conduct and state of mind of its members. For example, Walgreens alleges that local pharmacies have opposed its administrative applications for permits; have underreported the number of prescriptions they fill in order to create the appearance that a given area's market will not support another pharmacy; and have taken frivolous appeals, thereby delaying the final resolution of Walgreens' requests. Asociación claims that because of these allegations, an evaluation of the conduct and state of mind of the opposing local pharmacies is essential to the disposition of this case; that neither of the current parties to the case can present evidence on this matter; and that therefore, Asociación is not being adequately represented.

This argument misconstrues the nature of Walgreens' claim. The motive of these local pharmacies is, at best, of secondary importance to the resolution of this case. To the extent that anyone's motive is relevant, it would be the motive of Secretary Feliciano and Department of Health employees. Walgreens alleges that Secretary Feliciano has applied the laws and regulations in a discriminatory manner against out-of-state applicants. At any rate, the Court finds to be disingenuous Asociación's assertion that it must be a party if evidence on its members' conduct and state of mind is to be presented. If such evidence does prove to be relevant, it can be readily obtained through discovery and through a review of the records of the administrative cases in which Walgreens has participated. Asociación does not need to be a party to this case for this evidence to be presented.

 Based on all of the above, the Court finds that Asociación has failed to show that it has an interest in this case that would justify intervention and that Secretary Feliciano is not adequately representing its interests. Therefore, the Court denies the request to intervene pursuant to Federal Rule 24(a)(2). Asociación also moves for permissive intervention pursuant to Rule 24(b). Permissive intervention is appropriate when the applicant's defense and the main cause of action "have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2). When faced with such a request, a court may consider any rationally relevant factor, but it enjoys broad discretion in ruling on the motion. *Daggett,* 172 F.3d at 113. In the present case, Asociación states perfunctorily that it is presenting arguments with questions of law and fact in common with the main action. It does not, however, present any additional factors for the Court to consider. For the same reasons that the Court denied the request pursuant to Rule 24(a)(2), the Court denies the request pursuant to Rule 24(b).

The Court does not deprive Asociación completely from making arguments in this case. The Court hereby grants it leave to file amicus curiae brief on any dispositive motions filed by either party. *See Mass. Food.,* 197 F.3d at 567. Accordingly, the motion to intervene (docket no. 10) is hereby denied.

**IT IS SO ORDERED.**